JOHN CROWELL, Receiver, *v.* F. J. VAN BIBBER & CO.

Where a merchant furnishes goods to a party, on the faith of the verbal promise of a third person to accept a bill of exchange for the amount, and, after the goods are delivered, refuses to accept in writing :

*Held* :—That the party furnishing the goods can recover of the party who promised to accept, and the provisions of the Act of March 18, 1858, requiring written proof in certain cases, does not apply.

Laws in derogation of the commercial law are strictly construed, and without a clearer expression of the intention of the law-making power, that the statute of 1858 is intended to restrain the commercial law in the particular under consideration, we are not inclined to give the statute that interpretation.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *Lacey & Upton*, for appellant. *A. Talbot* and *C. Roselius*, for appellees.

TALIAFERRO, J. The plaintiff, acting in the capacity of receiver of the as-

sets of J. E. Matthews & Co., sues the defendants for $486 71, with interest thereon from the 4th January, 1860, alleging that this indebtedness arose from the promise of defendants made to J. E. Matthews & Co., in August, 1859, that defendants would accept a bill to be drawn upon them in favor of said J. E. Matthews & Co., by one Gilmore, payable on the 1st January, 1860, for the said sum of $486 71—the price of merchandise furnished by Matthews & Co. to said Gilmore, to whom they extended the credit upon the promise of defendants to accept a bill in favor of plaintiffs in payment of the same.

The plaintiffs aver that defendants, after the goods were furnished and the bill drawn, refused to accept it in violation of their express agreement.

The defendants filed an answer containing a general denial and pray judgment in their favor, etc.

Judgment was rendered in the Court below in favor of the plaintiff, and defendants have appealed.

On the trial in the District Court, the plaintiff introduced a witness to prove the engagement of defendants to accept the bill, as set forth in the petition, and they excepted to the evidence on the ground that parol evidence is inadmissible to prove a promise to pay the debt of a third person. They made objection to the introduction of the bill or draft sued upon on the ground that they were not parties to the instrument. Against the introduction of the protest of the bill they excepted on the same ground, and also that it was inadmissible under the third section of the act of March 18th, 1858, entitled "An Act to require written proof in certain cases."

These objections were all overruled, and the defendants took bills of exception.

The third section of the act of 1858, relied upon by defendants, is in these words : "That hereafter, parol evidence shall not be received to prove any promise to pay the debt of a third person, but that in all cases the promise to pay shall be proven by written evidence, signed by the party to be charged, or by his specially authorized agent, or attorney in fact."

It is not clear to our minds that the promise to accept the bill is strictly a promise to pay the debt of a third person within the scope and purpose of the act recited. This suit grows out of transactions between merchants, and which are strictly of a commercial character. By the commercial law a verbal promise to accept a bill to be drawn, is binding upon the person making it, if the person to whom it is made takes the bill on the credit of such promise. Bayley on Bills, p. 167. Chitty on Bills, p. 280, et. seq.

The principal question arising here is, whether the statute of 1858 limits or restrains, in this respect, the rules and provisions of the Law Merchant? It has been the settled policy of the Legislature of this State to keep its commercial jurisprudence in harmony with that of commer-

cial nations. Few instances, we apprehend, have occurred in our legislation, of restrictions upon the mercantile law by statutory provisions. Laws in derogation of the commercial law are strictly construed, and without a clearer expression of the intention of the law-making power, that the statute of 1858 is intended to restrain the commercial law in the particular under consideration, we are not inclined to give the statute that interpretation.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs in both Courts.